IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **LORI MATULA**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13 C 6973 |
| | ) | |
| **CITY OF DES PLAINES**, a municipal corporation, et al. | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

All of the defendants -- City of Des Plaines ("Des Plaines") and five of its officials or former officials -- in this action brought against them by Des Plaines employee Lori Matula ("Matula") have joined in a motion that in part seeks dismissal from Counts III and IV of Matula's First Amended Complaint ("FAC").[1] With that aspect of the dismissal motion now fully briefed, it is ripe for decision.

First, Des Plaines seeks its dismissal from FAC Count IV, which seeks recovery on a state law theory of assault and battery against Des Plaines and co-defendant Police Sergeant Ronny

---

[1] This Court has often commented on the deep-seated and nearly universal practice among lawyers of employing the concept of "counts" in a complaint for a purpose different from that envisioned by the last sentence of Fed. R. Civ. P. ("Rule") 10(b) (the only other place in the Rules where the word "count" appears is in Rule 8(d)(2), where it has the same meaning as in Rule 10(b)). Instead of using a separate count for "each claim founded on a separate transaction or occurrence" as Rule 10(b) provides, what has grown to be the near-universal practice employs the term to state separate theories of liability for a single claim -- as though the federal courts follow (as they do not) the state court practice of dealing with "causes of action" (for an excellent discussion of the distinction, see NAACP v. Am. Family Mut. Ins. Co., 978 F. 2d 287, 292 (7th Cir. 1992)). This opinion should not be mistaken as a manifestation of the "if you can't lick 'em, join 'em" practice -- instead it simply follows the usage of the parties as the most convenient way of dealing with the current motion.

Smith ("Smith"). Matula charges Smith with sexual assault, an allegation that Smith does not attempt to avoid on pleading grounds, while she attempts to target Des Plaines via respondeat superior principles.

Although Matula's counsel tries to call upon Judge Posner's opinion for the panel in <u>Doe v. City of Chicago</u>, 360 F. 3d 667, 671-72 (7th Cir. 2004) for the proposition that the scope-of-employment limitation on respondeat superior claims "should be interpreted more broadly when the employee is a police officer" (<u>id</u>. at 671), <u>Doe</u>, <u>id</u>. at 674 actually reconfirmed the obvious principle that the substantive decision on that score is for the state courts and not the federal courts to make. And in that respect it has far more recently been reconfirmed there, after citations to an "established line of case law," that "sexual assault <u>by</u> <u>its</u> <u>very</u> <u>nature</u> precludes a conclusion that it occurred within the employee's scope of employment under the doctrine of respondeat superior" (<u>Doe v. Lawrence Hall Youth Servs.</u>, 2012 IL App (1st) 103758 ¶ 30, 966 N.E.2d 867, 877 (2012) (emphasis in original)). And that opinion went on to explain (<u>id</u>.) that as a matter of law sexual assault "cannot be said to have furthered defendant's business."

That does it. As the Seventh Circuit's <u>Doe</u> opinion reconfirms, if the sensible prohibition against vicarious responsibility for sexual assault is to be changed, it is for the Illinois state courts and not the federal courts to do so. Des Plaines is accordingly dismissed from FAC Count IV.

Matula fares no better on the motion brought by all defendants for the dismissal on preemption grounds of FAC Count III, which advances a state law intentional infliction of emotional distress theory against all defendants. Where as here that contention is based on allegations identical to those assertedly supporting Matula's sexual harassment claim, which is

itself a civil rights violation encompassed within the private enforcement provision of the Illinois Human Rights Act ("Act," 775 ILCS 5/8-111(C)), the Act bars such a separate contention of intentional infliction of emotional distress. Although the cases -- both from the Illinois state courts and from federal courts applying the state law -- are legion in that respect, they stem from <u>Maksimovic v. Tsogalis</u>, 177 Ill. 2d 511, 687 N.E.2d 21 (1997) -- and the careful discussion by Judge Kenneth Ripple, speaking for our Court of Appeals in <u>Naeem v. McKesson Drug Co.</u>, 444 F. 3d 593, 602-05 (7th Cir. 2006), makes it clear that the <u>Maksimovic</u> principles control to call for dismissal here. Hence FAC Count III is dismissed in its entirety.

                                                          /s/ Milton I. Shadur
                                         Milton I. Shadur
                                         Senior United States District Judge

Date: February 20, 2014